IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-251-BO

| | |
|---|---|
| RODNEY WILLIAMS TALLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | O R D E R |

This matter is before the Court on petitioner's motion for a free copy of the transcript of his sentencing hearing [DE 52]. For the following reasons, the petitioner's motion is DENIED.

The circumstances under which the Court may provide an indigent criminal defendant a copy of his transcript at the court's expense are addressed by 28 U.S.C. § 753(f). Specifically, section 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . . " 28 U.S.C. § 753(f); *see also United States v. MacCollom*, 426 U.S. 317, 326 (1976). Additionally, an indigent defendant must make a showing of a particularized need to obtain a free transcript. *See United States v. Hill*, 34 F. App'x 942, 943 (4th Cir. 2002) (unpublished). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

In this case, Mr. Talley's motion for a free transcript does not state any particularized need for the requested transcript. Based upon the foregoing, he does not meet the requirements for a free transcript under § 753(f). The petitioner's motion is DENIED.

SO ORDERED.

This the 10 day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE